LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs
and the Class*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

WILIFE VREÑA DE GUERRERO,
*on behalf of herself, FLSA Collective Plaintiffs
and the Class,*

      Plaintiff,

      v.

DANNY'S FURNITURE INC
    d/b/a DANNY'S FURNITURE,
DANNY'S FURNITURE II INC
    d/b/a MADDY'S FURNITURE,
DEE & DEE DISCOUNT STORE INC
    d/b/a DEE & DEE DISCOUNT STORE,
IN & OUT FURNITURE STORE INC
    d/b/a DANNY'S FURNITURE, and
MAHMOUD ELBANA,

      Defendants.

---

Case No.:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Jury Trial Demanded

Plaintiff, WILIFE VREÑA DE GUERRERO ("Plaintiff"), on behalf of herself and others similarly situated, by and through her undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, DANNY'S FURNITURE INC d/b/a DANNY'S FURNITURE, DANNY'S FURNITURE II INC d/b/a MADDY'S FURNITURE, DEE & DEE DISCOUNT STORE INC d/b/a DEE & DEE DISCOUNT STORE, IN & OUT FURNITURE

1

STORE INC d/b/a DANNY'S FURNITURE, ("Corporate Defendants"), and MAHMOUD ELBANA ("Individual Defendant", and together with Corporate Defendants, "Defendants"), and states as follows:

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et. seq.* ("FLSA"), that she and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime compensation, (2) unpaid minimum wages, (3) liquidated damages, and (4) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), she and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime compensation, (2) unpaid minimum wages, (3) statutory penalties, (4) liquidated damages, and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337, and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff WILIFE VREÑA DE GUERRERO is a resident of Bronx County, New York.

6. Corporate Defendant DANNY'S FURNITURE INC d/b/a DANNY'S FURNITURE is a domestic business corporation organized under the laws of New York State with a principal place of business at 25 W Fordham Rd, Bronx, NY 10468 and an address for service of process located at 131 Lincoln Avenue, Yonkers, New York, 10704.

7. Corporate Defendant DANNY'S FURNITURE II INC d/b/a MADDY'S FURNITURE is a domestic business corporation organized under the laws of New York State with a principal place of business and address for service of process located at 2575 Central Park Ave., Yonkers, NY, 10710.

8. Corporate Defendant DEE & DEE DISCOUNT STORE INC d/b/a DEE & DEE DISCOUNT STORE is a domestic business corporation organized under the laws of New York State with a principal place of business and address for service of process located at 27 W Fordham Road, Bronx, NY, 10468.

9. Corporate Defendant IN & OUT FURNITURE STORE INC d/b/a DANNY'S FURNITURE is a domestic business corporation organized under the laws of New York State with a principal place of business and an address for service of process located at 757 East Tremont Ave., Bronx, NY 10457.

10. Individual Defendant MAHMOUD ELBANA is the owner of Corporate Defendants. MAHMOUD ELBANA exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs, and Class members. MAHMOUD ELBANA had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules, (iv) reprimand employees, (v) supervise and delegate authority to supervisors of Plaintiff, FLSA Collective Plaintiffs, and Class members, and (vi) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs, and Class members. At all times, employees could complain to MAHMOUD ELBANA regarding any of the terms of their employment, and MAHMOUD ELBANA would have the authority to effect any changes to the quality and terms of their employment. MAHMOUD ELBANA ensured employees effectively served customers and that the business was operating efficiently and profitably, and exercised functional control

over the business and financial operations of each of the stores affiliated with or controlled by Corporate Defendants.

11. The Corporate Defendant stores operate as a single integrated enterprise; they are engaged in related activities, share common ownership, and have a common business purpose.

   a. Each location is engaged in the same business of retail selling in New York.
   b. Individual Defendant MAHMOUD ELBANA is the owner of all Corporate Defendant stores.
   c. Employees of all four stores are interchangeable among locations.
   d. All Corporate Defendant locations implement the same wage and hour policies and procedures established by Defendants, and all employees are paid by the same payroll methods.
   e. Defendants use centralized human resources and administration in a central office.

12. At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

13. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendants.

### **FLSA COLLECTIVE ACTION ALLEGATIONS**

14. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees including but not limited to stockers, assistants, sales representatives, customer service workers, and cashiers, employed at each of the Corporate Defendants in New York State, on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

4

15. At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them proper regular and overtime compensation. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

16. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first-class mail to the last address known to Defendants.

## **RULE 23 CLASS ALLEGATIONS – NEW YORK**

17. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees, including but not limited to stockers, assistants, sales representatives, customer service workers, and cashiers, employed by Defendants at each of the Corporate Defendant locations on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

18. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

19. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts from which the calculation of that number can be obtained are presently within the sole possession and custody of Defendants, there is no doubt that there are more than forty (40) members of the Class.

20. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All Class members were subject to the same corporate practices of Defendants. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

21. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

22. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries, and damages suffered by each of the individual Class members are small

in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

23. Defendants and other employers throughout New York State violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

24. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

      a) Whether Defendants employed Plaintiff and Class members within the meaning of the New York Labor Law;

      b) What are and were the policies, practices, programs, procedures, protocols, and

       plans of Defendants regarding the types of work and labor for which Defendants did not pay Class members properly;

c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Class members for their work;

d) Whether Defendants paid Plaintiff and Class members proper minimum wage for all hours worked;

e) Whether Defendants paid Plaintiff and Class members the proper overtime compensation for all hours worked over forty (40) in a workweek;

f) Whether Defendants provided proper wage statements informing employees of pertinent information as required under the New York Labor Law; and

g) Whether Defendants provided proper wage and pay rate notices to employees which included their rate of compensation and trade name of employer, among other information, at the beginning of employment and annually thereafter, pursuant to the requirements of the New York Labor Law.

## STATEMENT OF FACTS

25. In or about January 2018, Plaintiff WILIFE VREÑA DE GUERRERO was hired by Defendants to work as a customer service associate for Defendants' DEE & DEE DISCOUNT STORE located at 27 W Fordham Road, Bronx, NY, 10468. Plaintiff also worked at DANNY'S FURNITURE located at 25 W Fordham Road, Bronx, NY, 10468 on an as-needed basis. Plaintiff worked for Defendants until in or about October 2018.

26. From the beginning of her employment until September 2018, Plaintiff was required to work seven (7) days per week, for ten (10) hours per day, from 10:00 AM to 8:00 PM, for a total of seventy (70) hours per week.

27. From September 2018 to the termination of her employment, Plaintiff was required to work five (5) days per week, from 10:00 AM to 8:00 PM, for a total of fifty (50) hours per week.

28. From the beginning of her employment until September 2018, Plaintiff was paid a fixed weekly salary of $500, all in cash. From September 2018 to the termination of her employment, Plaintiff was paid a fixed weekly salary of $340, all in cash. Defendants willfully violated Plaintiff WILIFE VREÑA DE GUERRERO's rights by paying her on a salary basis, in violation of the New York Labor Law because Plaintiff is a non-exempt employee who must be paid on an hourly basis.

29. Based on Plaintiff's actual experiences at all locations she worked at and direct observations and conversations with other employees of Corporate Defendants, FLSA Collective Plaintiffs and Class members similarly were not paid proper minimum wage or overtime compensation for all hours worked.

30. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiff FLSA Collective Plaintiffs, and Class members.

31. Defendants knowingly and willfully operated their business with a policy of not paying proper overtime premium for hours worked over forty (40) in a workweek to Plaintiff, FLSA Collective Plaintiffs, and Class members.

32. During Plaintiff's employment, Plaintiff did not receive any wage statements or paystubs from Defendants, in violation of the New York Labor Law.

33. During Plaintiff's employment, Plaintiff did not receive a proper wage and pay rate notice from Defendants either upon being hired or annually since the date of hiring, in violation of the New York Labor Law.

34. Based on Plaintiff's direct observations and conversations with her coworkers, all non-

exempt employees at Defendants' stores similarly suffered from Defendants' common policy that failed to provide proper notices of pay rate or wage statements as required by the New York Labor Law.

35. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs, and Class members in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFF AND FLSA COLLECTIVE PLAINTIFFS

36. Plaintiff realleges and reavers Paragraphs 1 through 35 of this Class and Collective Action Complaint as if fully set forth herein.

37. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

38. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

39. At all relevant times, Corporate Defendants had gross annual revenues in excess of $500,000.

40. At all relevant times, Defendants failed to pay Plaintiff and FLSA collective Plaintiffs proper FLSA minimum wage or overtime premium for all hours worked over forty (40) in a workweek.

41. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff

10

and FLSA Collective Plaintiffs proper FLSA minimum wage.

42. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff and FLSA Collective Plaintiffs overtime premiums for all hours worked over forty (40) in a workweek.

43. Records, if any exist, concerning the number of hours worked by and actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

44. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

45. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

46. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid regular and overtime wages, plus an equal amount as liquidated damages.

47. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

**COUNT II**

**<u>VIOLATION OF THE NEW YORK LABOR LAW</u>**
**<u>ON BEHALF OF PLAINTIFF AND CLASS MEMBERS</u>**

48. Plaintiff WILIFE VREÑA DE GUERRERO realleges and reavers Paragraphs 1 through 47 of this Class and Collective action Complaint as if fully set forth herein.

49. At all relevant times, Plaintiff and Class members were employed by Defendants within

the meaning of the New York Labor Law, §§ 2 and 651.

50. At all relevant times, Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them proper minimum wages under the New York Labor Law.

51. At all relevant times, Defendants willfully violated Plaintiff's and Class members' rights by refusing to pay them overtime premiums for all hours worked in excess of 40 hours per workweek in violation of the NYLL.

52. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to employees as required under the New York Labor Law.

53. Defendants knowingly and willfully failed to provide proper wage and hour notices to employees at the beginning of their employment and annually thereafter pursuant to the New York Labor Law.

54. Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants unpaid regular and overtime compensation, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties, and costs and disbursements of the action, pursuant to the New York Labor Law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself, FLSA Collective Plaintiffs, and Class members, respectfully requests that this Court grant the following relief:

a) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b) An injunction against Defendants and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

    c) An award of unpaid wages and overtime compensation due under the FLSA and the New York Labor Law;

    d) An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay the proper minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

    e) An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay the proper minimum wages and overtime compensation pursuant to the New York Labor Law;

    f) An award of statutory penalties as a result of Defendants' willful failure to provide proper wage statements and wage notices pursuant to the New York Labor Law;

    g) An award of prejudgment and post-judgment interest, costs and expenses of this action, and reasonable attorneys' fees;

    h) Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

    i) Designation of this action as a class action pursuant to F.R.C.P. 23;

    j) Designation of Plaintiff as Representative of the Class; and

    k) Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, on behalf of herself, FLSA Collective Plaintiffs and the Class, demands a trial by jury on all issues so triable as of right by jury.

Dated: August 5, 2019                    Respectfully submitted,

                                                              LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 1976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

By:   */s/ C.K. Lee*
      C.K. Lee, Esq. (CL 4086)

14