UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WILIFE VRENA DE GUERRERO,

                    Plaintiff,

-against-

DANNY'S FURNITURE INC., et al.,

                    Defendants.

19cv07284 (LJL) (DF)

**SCHEDULING ORDER**

---

**DEBRA FREEMAN, United States Magistrate Judge:**

Currently before this Court are the following motions: (1) a motion by Anthony R. Portesy, Esq. ("Portesy"), of the law firm of Varacalli & Hamra LLP (the "V&H Firm")[1] to withdraw from further representation of defendants Danny's Furniture Inc., d/b/a Danny's Furniture; Danny's Furniture II Inc., d/b/a Maddy's Furniture; Dee & Dee Discount Store Inc, d/b/a Dee & Dee Discount Store, In & Out Furniture Store, Inc., d/b/a Danny's Furniture (together, the "Corporate Defendants") and Mahmoud Elbana ("Elbana") (all, collectively, "Defendants") in this action and for a stay of these proceedings to enable Defendants to obtain new counsel (Dkt. 42); (2) a letter from David S. Schwartz, Esq. ("Schwartz"), which this Court construes as a request to join in the motion of Portesy and the V&H Firm to withdraw as Defendants' counsel (Dkt. 46); and (3) a motion by Plaintiff to compel Defendants to respond to outstanding discovery requests and to appear for depositions (Dkt. 49).

---

[1] Portesy is currently listed on the Docket as being an attorney with "Hamra Law Group." (*See* Dkt.) This Court assumes that the motion to withdraw extends to this entity.

This Court having reviewed the submissions made on these motions, it is hereby ORDERED as follows:

1. No later than August 3, 2020, the V&H Firm is directed to serve on all Defendants a copy of (a) Portesy's and the V&H Firm's motion to withdraw (Dkt. 42); (b) all supporting papers on that motion (Dkts 43 and 44); (c) Schwartz's submission joining the motion (Dkt. 46); and (d) this Order. Such service shall be made by the best means reasonably available, and the V&H Firm is directed to file proof of such service on the Docket.

2. If Defendants wish to be heard with respect to the motion to withdraw, then, no later than August 14, 2020, Defendants should submit a response to the Court, with a copy to the V&H Firm. If Defendants would like to email their response to the Court, then they should contact my Chambers at (212) 805-4650 and leave a voicemail message, asking for email instructions and providing a telephone number where they may be reached so that such instructions may be given to them. Alternatively, Defendants may mail their response directly to my Chambers at the following address:

> Hon. Debra Freeman, U.S. Magistrate Judge
> United States Courthouse
> 500 Pearl Street, Room 1660
> New York, New York 10007

Defendants' response may be submitted *ex parte*; in other words, it need not be served on counsel for Plaintiff. This Court, in its discretion, will determine whether any response it receives from Defendants should be filed publicly or if it contains sensitive information that warrants its being placed under seal. If, by August 14, 2020, this Court receives no objection from Defendants to their counsel's motion to withdraw, then this Court may grant the motion as unopposed.

3. Defendant Elbana is cautioned that, if the Court permits Portesy, the V&H Firm, and Schwartz to withdraw, and if Elbana does not retain new counsel, then he will be expected to defend this action on his own behalf, without the benefit of counsel. Elbana is further cautioned that, if he chooses to proceed in this action *pro se* (*i.e.*., without the assistance of an attorney), then he will be expected to proceed with this action diligently on a *pro se* basis, to attend all court conferences and other proceedings, to cooperate in discovery, and to comply, on his own, with all rules and procedures of the Court. Elbana's failure to do so may result in the entry of a default judgment against him.

4. In addition, the Corporate Defendants are cautioned that a corporation may not proceed *pro se* in an action before this Court. For this reason, if this Court permits Portesy, the V&H Firm, and Schwartz to withdraw, then the Corporate Defendants will need to retain new counsel in order to defend against claims in this action. Failure to do so on the part of any Corporate Defendant may result in the entry of a default judgment against that defendant.

5. As to Plaintiff's motion to compel discovery, this Court notes that it has previously cautioned Defendants that their failure to respond to discovery requests could result in sanctions (*see* Dkt. 36), and it appears from Plaintiff's motion to compel that Defendants have still failed to comply with their discovery obligations. Nonetheless, all discovery in this action shall be stayed pending further Order of this Court, so that the motion of Defendants' counsel to withdraw may be resolved first. Accordingly, Plaintiff's motion to compel (Dkt. 49) is denied without prejudice to renew, once the motion to withdraw is resolved and the discovery stay is lifted.

6. If, on or before August 14, 2020, Defendants retain new counsel in this action, then a Substitution of Counsel should be filed promptly, and new counsel for Defendants should

immediately confer with Plaintiff's counsel regarding all outstanding discovery. The parties should then submit a follow-up status report to the Court within one week of the filing of the Substitution of Counsel.

Dated: New York, New York
      July 27, 2020

                                  SO ORDERED

                                  _____
                                  DEBRA FREEMAN
                                  United States Magistrate Judge

Copies to:

All counsel (via ECF)