UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__9/13/2021__
```

-----------------------------------------------------------------------X
                                           :

WILIFE VREÑA DE GUERRERO,          :

                        Plaintiff,      :

                               :          19-cv-7284 (LJL)

      -v-                       :

                               :      ORDER GRANTING

DANNY'S FURNITURE INC., et al.,     :    DEFAULT JUDGMENT

                               :

                 Defendants.    :

                               :

-----------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

      Plaintiff Wilife Vreña de Guerrero ("Guerrero") was employed as a customer service associate for Defendants. She filed this action on August 6, 2019, bringing claims against Defendants, including corporate defendants and one individual defendant, under the Fair Labor Standards Act, 28 U.S.C. § 201 *et seq.* ("FLSA") and the New York Labor Law ("NYLL"). She seeks damages, including liquidated damages and statutory damages, in connection with her claims for violations of unpaid minimum and overtime wages under FLSA and NYLL, wage and hour notice provisions of the NYLL, and wage statement provisions of NYLL.

      Defendants waived service on August 12, 2019 and filed an answer on October 14, 2019. They appeared at the case management conference and engaged in discovery. On October 19, 2020, Magistrate Judge Freeman granted Defendants' counsel's motion to withdraw, and directed corporate defendants to retain new counsel. Dkt. No. 54 ¶ 1. The Court granted Plaintiff leave to file a motion for default judgment against the corporate defendants if no new counsel appeared for them by November 16, 2020. *Id.* No new counsel appeared. The Court also instructed the individual defendant that if new counsel did not appear for him by November

16, 2020, he would be expected to proceed pro se, and that his failure to participate in defending the action could result in the entry of a default judgment against him. *Id.* ¶ 3. Specifically, the Court directed the individual defendant that if he did not retain new counsel, then he must provide the Court's Pro Se Office with his contact information for the docket by November 16, 2020; the Court again warned the individual defendant that failure to inform the Court of his contact information could result in the entry of a default judgment against him. Despite these warnings, the individual defendant did not retain new counsel, did not inform the court of his contact information, and did not participate in defending the action. Dkt. No. 61 ¶ 15. . On December 28, 2020, Plaintiff moved for a certificate of default against all Defendants, which was entered on December 30, 2020. Plaintiff filed this motion for default judgment on January 29, 2021.[1]

## LEGAL STANDARD

Federal Rule of Civil Procedure 55 sets forth a two-step procedure to be followed for the entry of judgment against a party who fails to defend: the entry of a default, and the entry of a default judgment. *See New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005).

The first step, entry of a default, simply "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011); *see* Fed. R. Civ. P. 55(a). The second step, entry of a default judgment, "converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted" by the pleadings. *Mickalis Pawn Shop*, 645 F.3d at 128; *see also* Fed. R. Civ. P. 55(b). Whether entry of default judgment at the

---

[1] This action was initially brought as a class or collective action but Plaintiff seeks a default judgment only on her own behalf.

second step is appropriate depends upon whether the allegations against the defaulting party are well-pleaded.  *See Mickalis Pawn Shop*, 645 F.3d at 137.

Because a party in default does not admit conclusions of law, "a district court need not agree that the alleged facts constitute a valid cause of action."  *Id.* (citation omitted); *see Spin Master Ltd. v. 158*, 463 F. Supp. 3d 348, 367 (S.D.N.Y. 2020) ("The essence of Fed. R. Civ. P. 55 is that a plaintiff can obtain from a default judgment relief equivalent to but not greater than that it would obtain in a contested proceeding assuming it prevailed on all of its factual allegations.").  Therefore, this Court is "required to determine whether the plaintiff's allegations are sufficient to establish the defendant's liability as a matter of law."  *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009).  A party later challenging the entry of a default judgment must satisfy the "good cause shown" standard in Fed. R. Civ. P. 55(c), which requires a court to "weigh (1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party."  *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 455 (2d Cir. 2013).

"The legal sufficiency of these claims is analyzed under the familiar plausibility standard enunciated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), aided by the additional step of drawing inferences in the non-defaulting party's favor."  *WowWee Grp. Ltd. v. Meirly*, 2019 WL 1375470, at *5 (S.D.N.Y. Mar. 27, 2019).  A default judgment entered on well-pleaded allegations does not reach the issue of damages, and Plaintiff "must therefore substantiate [her] claim for damages with evidence to prove the extent of those damages."  *Hood v. Ascent Med. Corp.*, 2016 WL 1366920, at *15 (S.D.N.Y. Mar. 3, 2016), *report and recommendation adopted*, 2016 WL 3453656 (S.D.N.Y. June 20, 2016), *aff'd*, 691 F. App'x 8 (2d Cir. 2017).

To determine the amount of damages that should be awarded on a default judgment, Federal Rule of Civil Procedure 55(b)(2) "leaves the decision of whether a hearing is necessary to the discretion of the district court." *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989); *see also Lenard v. Design Studio*, 889 F. Supp. 2d 518, 527 (S.D.N.Y. 2012). And "[w]here, on a damages inquest, the plaintiff makes a damages submission and the defaulting defendant makes no submission in opposition and does not request a hearing, the court may determine the adequacy of the plaintiff's damages claim based on its submitted proofs." *Lenard*, 889 F. Supp. 2d at 527.

## DISCUSSION

The Court finds, as a preliminary matter, that the well-pleaded allegations in the Complaint satisfy the jurisdictional prerequisites of the relevant FLSA and NYLL provisions. *See* 29 U.S.C. §§ 206(a), 207(a)(1); NYLL §§ 2, 190 to 199-A; *see generally Marcelino v. 374 Food, Inc.*, 2018 WL 1517205, at *9-10 (S.D.N.Y. Mar. 27, 2018).

The Court further finds that these allegations substantiate Plaintiff's claimed violations of the minimum wage and overtime provisions of the FLSA, *see* 29 U.S.C. §§ 206(a), 207(a)(1), 255(a), and of the minimum wage, overtime, wage notice, and wage statement provisions of the NYLL, *see* NYLL §§ 190 to 199-A, 650, 652(1), 663, 195(1), 195(3).

The Court has reviewed the materials submitted by Plaintiff and her counsel in connection with the instant application and believes that a further inquest would be unnecessary. *See* Dkt. No. 61 (declaration of Anne Seelig and exhibits, including sworn statements from Plaintiff concerning her hours and pay ("Seelig Decl.")).

### A.    Damages

Under the FLSA, the applicable statute of limitations is two years, although it can be extended to three years upon a finding that the employer's violations were willful.  29 U.S.C.

§ 255(a).  The applicable limitations period for NYLL claims is six years.  NYLL § 663(3).
Neither is a bar to Plaintiff's recovery as she worked for Defendants between January 2018 and
October 2018.

Where Plaintiff brings claims under both statutes, she "may not receive a 'double
recovery' of back wages under both the FLSA and [the] NYLL."  *Hernandez v. Jrpac Inc.*, 2016
WL 3248493, at *31 (S.D.N.Y. June 9, 2016) (quoting *Gen. Tel. Co. of the Nw., Inc. v. EEOC*,
446 U.S. 318, 333 (1980)); cf. *Rana v. Islam*, 887 F.3d 118, 123 (2d Cir. 2018) (per curiam)
("We therefore interpret the NYLL and FLSA as not allowing duplicative liquidated damages for
the same course of conduct."). Because the NYLL prescribes a higher minimum wage, it shall be
the focus of the Court's analysis.

An employee who brings an action under the FLSA or the NYLL for unpaid wages must
prove that she performed the work and was not compensated properly for her time. See
*Grochowski v. Phoenix Constr.*, 318 F.3d 80, 87 (2d Cir. 2003) (citing *Anderson v. Mt. Clemens
Pottery Co.*, 328 U.S. 680, 686-87 (1946)). Additionally, the FLSA requires an employer to
"make, keep, and preserve" records of employee wages, hours, and employment conditions. 29
U.S.C. § 211(c).

Under the FLSA, "[w]hen an employer fails to maintain accurate and complete records of
the hours employees work and the amounts they are paid, the plaintiff-employee need only . . .
submit 'sufficient evidence from which violations of the [FLSA] and the amount of an award
may be reasonably inferred.'" *Gonzalez v. Masters Health Food Serv. Inc.*, 2017 WL 3835960, at
*16 (S.D.N.Y. July 27, 2017) (quoting *Reich v. S. New England Telecomms. Corp.*, 121 F.3d 58,
66 (2d Cir. 1997)). An employee discharges her burden at this first step "if [she] . . . can prove
that [she] 'in fact performed work for which [s]he was improperly compensated and if [she]

5

produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.'" *Jrpac*, 2016 WL 3248493, at *27 (quoting *Anderson*, 328 U.S. at 687). "This burden is 'not high' and may be met 'through estimates based on [the employee's] own recollection.'" *Id.* (quoting *Kuebel v. Black & Decker, Inc.*, 643 F.3d 352, 362 (2d Cir. 2011)).

If an employee makes this showing, "[t]he burden then shifts to the employer to come forward [i] with evidence of the precise amount of work performed or [ii] with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Jrpac*, 2016 WL 3248493, at *27 (quoting *Anderson*, 328 U.S. at 687-88). "If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result may be only approximate." *Gonzalez*, 2017 WL 3835960, at *16 (quoting *Anderson*, 328 U.S. at 688).

"A similar standard applies to unpaid compensation claims under [the] NYLL." *Gonzalez*, 2017 WL 3835960, at *16; *see also Garcia v. JonJon Deli Grocery Corp.*, 2015 WL 4940107, at *4 n.8 (S.D.N.Y. Aug. 11, 2015) ("Courts use the same burden-shifting framework to determine liability for unpaid overtime under the NYLL [and the FLSA].").  But under the NYLL, an employer who fails to keep accurate records shoulders a more stringent burden of proof.  "NYLL § 196-a provides that where an employer fails to 'keep adequate records or provide statements of wages to employees as required' by the statute, the employer 'shall bear the burden of proving that the complaining employee was paid wages, benefits and wage supplements.'"  *Canelas v. World Pizza, Inc.*, 2017 WL 1233998, at *9 (S.D.N.Y. Mar. 31, 2017) (quoting NYLL § 196-a(a)); *see also generally Gamero v. Koodo Sushi Corp.*, 272 F. Supp. 3d 481, 497 (S.D.N.Y. 2017).  The NYLL is more demanding than the FLSA, which permits an employer to discharge this burden merely by undermining the reasonableness of an

employee's evidence that he was underpaid. *Cf. Jrpac*, 2016 WL 3248493, at \*27. In contrast, the NYLL requires that an employer demonstrate by a preponderance of the evidence that it in fact paid its employees "wages, benefits and supplements." NYLL § 196-a(a); *see also Jrpac*, 2016 WL 3248493, at \*36. And "[i]f an employer cannot satisfy its burden under the FLSA, it cannot satisfy th[is] 'more demanding burden' of the NYLL." *Canelas*, 2017 WL 1233998, at \*9 (quoting *Doo Nam Yang v. ACBL Corp.*, 427 F. Supp. 2d 327, 337 n.15 (S.D.N.Y. 2005)).

Defendants failed to defend against this action and did not provide Plaintiff with pay records. Instead, Plaintiff's counsel has submitted a sworn statement by Plaintiff with her best estimates of the days of the week and hours worked.

The Court accepts these as best estimates. *See Teofilo v. Real Thai Cuisine Inc.*, 2021 WL 22716, at \*4 (S.D.N.Y. Jan. 4, 2021) (accepting sworn statements where pay records provided in discovery did "not reflect the days of the week or hours worked" and were therefore deficient"). From its review of the evidence, the Court concludes that Plaintiff is entitled to $24,557.00 in back wages.

Under the terms of NYLL § 663, Plaintiff is also entitled to liquidated damages "equal to one hundred percent of such underpayments found to be due," in the absence of a defense showing of "a good faith basis to believe that its underpayment of wages was in compliance with the law." *See generally Marcelino*, 2018 WL 1517205, at \*17-18; *see also Rana*, 887 F.3d at 122-23. To present this defense, the employer must demonstrate that it "took 'active steps to ascertain the dictates of the FLSA and then act to comply with them.'" *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 150 (2d Cir. 2008) (quoting *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 142 (2d Cir. 1999)). The employer must also show that its good-faith actions were objectively reasonable. *RSR*, 172 F.3d at 142-43. Even where a defendant employer has

appeared in the action, the Second Circuit has observed that "the employer's burden [is] 'a difficult one,' emphasizing that 'double damages [are] the norm and single damages the exception.'" *Barfield*, 537 F.3d at 150 (quoting *RSR*, 172 F.3d at 142). Defendants have not presented such a defense. Accordingly, Plaintiff is entitled to a liquidated damages award in the amount of 100% of back wages; Plaintiff is entitled to $24,557.00 in liquidated damages.

The NYLL also requires employers to provide annual wage notices to employees hired after April 9, 2011, and to provide each employee with accurate wage statements at the time wages are paid. *See* NYLL §§ 195(1)(a) & (3); 12 N.Y.C.R.R. § 142-2.4. Plaintiff has alleged that she received no such notices either at the beginning or for the duration of her employment, and the Court has no basis to doubt these claims. Under NYLL § 198-1(d), employees are entitled to recover wage-statement statutory damages of $250 dollars "for each work day that the violations occurred or continue to occur," not to exceed $5,000. In the instant case, this means that Plaintiff is entitled to $5,000 in wage-statement statutory damages. Under NYLL § 198-1(b), employees are entitled to recover wage-notice statutory damages of $50 dollars "for each work day that the violations occurred or continue to occur," not to exceed $5,000. Here, this results in an additional $5,000 for Plaintiff.

## CONCLUSION

For the reasons set forth above, the Court concludes that Plaintiff is entitled to relief on her claims for back wages and for wage notice and wage statement violations. The Clerk of Court is directed to prepare a judgment reflecting the Court's holding and setting forth Plaintiff's damages as follows:

- $24,557.00 in back wages under the NYLL; $24,557.00 in liquidated damages; $5,000 for Defendants' violation of NYLL § 195(1) and $5,000 for Defendants' violation of NYLL § 195(3).

The Clerk of Court is directed to close this case.  The Court directs Plaintiff to transmit a copy of this Order to Defendants through any means she has previously used to communicate with Defendants.

SO ORDERED.

Dated: September 13, 2021
       New York, New York

_____
LEWIS J. LIMAN
United States District Judge